UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   **'O'**   **JS-6**

| Case No. | 2:26-cv-00561-CAS-AGRx | Date | April 27, 2026 |
|---|---|---|---|
| Title | Natascha J. Cross v. Princess Cruise Lines, Ltd. et al | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Shannon Zelt | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Christina Fountain | Amanda Koziol |

**Proceedings:**   ZOOM HEARING RE:

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. 23, filed on March 11, 2026)

PLAINTIFF'S MOTION FOR REMAND TO STATE COURT (Dkt. 29, filed on March 30, 2026)

## I.   INTRODUCTION

On November 13, 2025, plaintiff Natascha J. Cross ("plaintiff") filed this action in Los Angeles County Superior Court against defendants Princess Cruise Lines, Ltd., dba P&O Princess Cruises, also known as Princess Cruises, a corporation ("Princess"); Carnival Corporation, also known as Carnival Corporation & plc, dba Carnival Cruise Line aka Carnival Cruises, a corporation ("Carnival"); Holland America Group aka Holland America Line, a business entity, form unknown ("Holland"); Cunard Line, also known as Cunard, a business entity, form unknown ("Cunard"); Amanda Kent, an individual ("Kent"); Tiffiney Pietrzak, an individual ("Pietrzak"); and Does 1 through 10, inclusive (collectively, "defendants").  Dkt. 1-1 ("Compl.") at 1.

Plaintiff asserts ten claims for relief against all defendants: (1) discrimination in violation of the California Fair Employment and Housing Act, Cal. Gov't Code § 12940 *et seq.* ("FEHA"); (2) failure to provide reasonable accommodation in violation of FEHA; (3) failure to engage in timely good faith interactive process in violation of FEHA; (4) harassment in employment in violation of FEHA; (5) retaliation in violation of FEHA; (6) failure to prevent or remedy discrimination, harassment, and/or retaliation in violation of FEHA; (7) wrongful discharge in violation of public policy; (8) intentional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**          **JS-6**

| Case No. | 2:26-cv-00561-CAS-AGRx | Date | April 27, 2026 |
|---|---|---|---|
| Title | Natascha J. Cross v. Princess Cruise Lines, Ltd. et al | | |

infliction of emotional distress; (9) defamation; and (10) breach of implied covenant of good faith and fair dealing. Compl. ¶¶ 31-109.

On January 20, 2026, defendants Princess, Carnival, Kent, and Pietrzak (collectively "removing defendants") removed this action to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1442, on the basis of diversity jurisdiction. Dkt. 1.[1] On January 20, 2026, removing defendants filed an answer to the complaint with the Los Angeles County Superior Court. Dkt. 2-3.

On March 11, 2026, removing defendants filed a motion for judgment on the pleadings. Dkt. 23. On March 24, 2026, plaintiff filed an opposition to the motion for judgment on the pleadings. Dkt. 26. On March 30, 2026, removing defendants filed a reply. Dkt. 28.

On March 30, 2026, plaintiff filed a motion for remand. Dkt. 29 ("Mot."). On April 6, 2026, removing defendants filed an opposition to the motion for remand. Dkt. 34 ("Opp."). On March 13, 2026, plaintiff filed a reply. Dkt. 36 ("Reply").

On April 27, 2026, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff alleges the following facts in her complaint:

### A.    The Parties

Plaintiff alleges that Princess is and was at all relevant times a subsidiary of Carnival, with its headquarters and principal place of business in the City of Santa Clarita, County of Los Angeles, State of California and was plaintiff's employer and/or joint employer during all relevant times. Compl. ¶ 3.

Plaintiff alleges that Cunard is and was at all relevant times a subsidiary of Carnival, with its headquarters and principal place of business in the City of Valencia/Santa Clarita, County of Los Angeles, State of California and was plaintiff's employer and/or joint employer during all relevant times. Id. ¶ 4.

---

[1] The removing defendants note that Cunard and Holland are not legal entities. Dkt. 1 at 2 n.1 (citing Dkt. 3 ("Morales Decl.") at ¶¶ 4-5).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**          **JS-6**

| Case No. | 2:26-cv-00561-CAS-AGRx | Date | April 27, 2026 |
|---|---|---|---|
| Title | Natascha J. Cross v. Princess Cruise Lines, Ltd. et al | | |

Plaintiff alleges that Carnival is and was at all relevant times a corporation authorized to operate and to conduct business in the City of Santa Clarita, County of Los Angeles, State of California, and was plaintiff's employer and/or joint employer during all relevant times. Id. ¶ 5.

Plaintiff alleges that Holland is and was at all relevant times a business entity, form of which is currently unknown to plaintiff, authorized to operate and conduct business in the City of Santa Clarita, County of Los Angeles, State of California and was plaintiff's employer and/or joint employer during all relevant times. Id. ¶ 6.

Plaintiff alleges that Kent is and was at all relevant times a resident of the City of Los Angeles, County of Los Angeles, State of California and was at all relevant times an officer, director, and/or authorized managing and/or supervisory agent and/or employee of defendants Princess, Carnival, Holland, Cunard, and Does 1 through 10. Id. ¶ 7. Plaintiff alleges that Kent acted on behalf of plaintiff's employers as plaintiff's supervisor and/or manager during the relevant time period of plaintiff's employment with defendants. Id.

Plaintiff alleges that Pietrzak is and was at all relevant times a resident of the City of Los Angeles, County of Los Angeles, State of California and was at all relevant times an officer, director, and/or authorized managing and/or supervisory agent and/or employee of defendants Princess, Carnival, Holland, Cunard, and Does 1 through 10. Id. ¶ 8. Plaintiff alleges that Pietrzak acted on behalf of plaintiff's employers as plaintiff's supervisor and/or manager during the relevant time period of plaintiff's employment with defendants. Id.

### B.  Plaintiff's Termination

Plaintiff was employed, without interruption, by defendants Princess, Carnival, Holland, and Does 1 through 10 for more than twenty-five years from July 13, 1998 until on or about January 11, 2024, whereupon allegedly defendants willfully, intentionally, unlawfully, and wrongfully terminated plaintiff's employment without just cause. Compl. ¶ 1, 23.

Plaintiff alleges that at all relevant times to this action she suffered from a medical, physical, and/or mental disability that affects one or more of the body systems defined in Cal. Gov't Code § 12926, subsection (m) and limited a major life activity. Id. ¶ 24. Plaintiff alleges that she required reasonable accommodation and had requested and taken

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**      **JS-6**

| Case No. | 2:26-cv-00561-CAS-AGRx | Date | April 27, 2026 |
|----------|------------------------|------|----------------|
| Title | Natascha J. Cross v. Princess Cruise Lines, Ltd. et al | | |

proper medical leave within months before defendants unlawfully and wrongfully terminated her employment.  Id. ¶ 2.

Defendants Kent and Pietrzak were plaintiff's managers and supervisors during a portion of the time that plaintiff was employed with defendants and allegedly, on behalf of the other defendants, created a pretext for firing plaintiff and terminating her employment without just cause.  Id. ¶ 2.

Plaintiff alleges that Kent and Pietzrak willfully, intentionally, and knowingly colluded and schemed with each other on their own accord and/or with, and/or on behalf of defendants Princess, Carnival, Holland, Cunard, and Does 1 through 10, to unlawfully and wrongfully terminate plaintiff's employment with defendants Princess, Carnival, Holland, Cunard, and Does 1 through 10.  Id. ¶ 9.  Plaintiff alleges that Kent and Pietrzak knew that plaintiff was a dedicated, hardworking, and loyal employee of defendants for more than twenty five years, suffered from a recognized medical condition and/or physical and/or mental disability that required reasonable accommodation, and had taken a properly approved medical and personal leave of absence in the months immediately prior to January 11, 2024, the date on which defendants Kent and Pietrzak, and all defendants, wrongfully and unlawfully terminated plaintiff's employment.  Id.

Plaintiff alleges that she applied for, was approved for, and took a medical and personal leave of absence from August 29, 2022, to December 31, 2022.  Id. ¶ 29. Plaintiff alleges that defendants' third-party administrator, The Hartford, reviewed and approved plaintiff's leave of absence.  Id.  Plaintiff alleges that defendants retaliated against plaintiff for exercising her rights to seek a leave of absence in engaging in and undertaking conduct and actions that resulted in plaintiff unlawfully suffering adverse employment conditions.  Id.

Plaintiff alleges that defendants moved and reassigned plaintiff to a new position, a position with duties, obligations, and functions never before previously known to plaintiff.  Id. ¶ 17.  Plaintiff alleges that defendants knowingly, willingly, intentionally, and purposefully never adequately informed plaintiff of the duties and requirements of the new position and/or never adequately prepared and/or trained plaintiff for the new position such that the sole purpose was to unfairly and wrongfully cause plaintiff to experience difficulty meeting the duties and requirements of the new position and/or to experience difficulty achieving the high evaluations of her performance in the new position for which plaintiff had consistently been evaluated in the previous positions in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**      **JS-6**

| Case No. | 2:26-cv-00561-CAS-AGRx | Date | April 27, 2026 |
|---|---|---|---|
| Title | Natascha J. Cross v. Princess Cruise Lines, Ltd. et al | | |

which she worked prior to being reassigned. Id. ¶¶ 17, 28. Plaintiff alleges that defendants' actions in reassigning plaintiff to a new position and in falsely evaluating plaintiff at the "Fails to Meet Expectations" level for the principal purpose of creating a pretext for terminating plaintiff's employment without any notice and without just cause, constitutes unlawful and wrongful termination. Id.

Plaintiff alleges that defendants also knowingly, willingly, intentionally, and purposefully failed to engage in and/or implement their own established policies and procedures regarding a graduated disciplinary process such that defendants failed and refused to provide plaintiff with a Performance Improvement Plan ("PIP"), as required under defendants' own established policies and procedures. Id. ¶ 18. Plaintiff alleges that defendants knowingly, willfully, intentionally, and purposefully failed to apply to plaintiff the said established policies and procedures applied to other similarly situated employees because plaintiff was a member of protected classes. Id. Plaintiff alleges that defendants' knowingly, intentionally, and purposefully required plaintiff to reach certain levels, milestones, and/or achievements in the new position that were not required of other employees in the same position to which plaintiff had suddenly been reassigned. Id.

Plaintiff further alleges that defendants wrongfully and unlawfully terminated plaintiff's employment for the purpose of unjustly and wrongfully depriving plaintiff of her duly earned and fully vested retirement benefits, offered to all of defendants' employees who, like plaintiff, remained employed with defendants for more than twenty-five years, continuously and without interruption, and to which plaintiff was entitled and fully vested and/or would have fully vested only a mere couple months after defendants, without notice and/or without just cause, suddenly terminated plaintiff's employment. Id. ¶ 19.

### C. Kent and Pietrzak's Allegedly False and Defamatory Statements

Plaintiff alleges that defendants terminated plaintiff's employment based upon pretext and the false statements from Kent and Pietrzak that (1) plaintiff committed fraud and deceit in applying for and being approved for a medical and personal leave of absence; (2) that plaintiff was openly homophobic and harmfully and viciously gossiped about others regarding their sexual orientation; (3) that plaintiff was insubordinate and failed and refused to perform her job duties and that her employment must be terminated immediately and without notice and/or without allowing plaintiff the opportunity to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       **'O'**       **JS-6**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00561-CAS-AGRx | Date | April 27, 2026 |
| Title | Natascha J. Cross v. Princess Cruise Lines, Ltd. et al | | |

improve the perceived, although knowingly and intentionally falsely perceived, failures regarding plaintiff's work performance. Compl. ¶ 41. Plaintiff alleges that defendants knew and/or had reason to know that Kent and Pietrzak's statements about plaintiff were intentionally false and malicious. Id.

Plaintiff alleges that defendants republished these false accusations to The Hartford, and other third parties not interested in and having no relationship to plaintiff's employment with defendants. Id. ¶ 102. Plaintiff alleges that defendants also accused plaintiff of intentionally engaging in poor performance at work and in her job duties. Id. Plaintiff alleges that defendants knew their statements and claims about plaintiff were false but intentionally and with ill will and malicious intent toward plaintiff communicated and republished the statements in a non-confidential forum and as a result defamed plaintiff and made false and derogatory statements to third parties about plaintiff's truthfulness and veracity. Id.

### D.    Exhaustion of Administrative Remedies

Plaintiff alleges that on or about November 4, 2024, she exhausted her administrative remedies by filing a Complaint of Discrimination with the California Civil Rights Department and the U.S. Equal Employment Opportunity Commission regarding the claims alleged in her complaint against defendants. Compl. ¶ 30. The California Civil Rights Department issued a Right to Sue Letter as to defendants Princess, Carnival, Holland, and Cunard. Id. The Equal Employment Opportunity Commission also issued a right-to-sue letter pursuant to plaintiff's request. Id.

## III.    LEGAL STANDARD

### A.    Motion for Remand

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**        **JS-6**

| Case No. | 2:26-cv-00561-CAS-AGRx | Date | April 27, 2026 |
|---|---|---|---|
| Title | Natascha J. Cross v. Princess Cruise Lines, Ltd. et al | | |

removal. Virginia A. Phillips, J. & Karen L. Stevenson, J., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial § 2:3741 (The Rutter Group 2020).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion for remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), federal courts have subject matter jurisdiction over state law actions where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship.

"Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." Id. (citing Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 152 (1914).

"Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "[I]n most cases the focus will be on whether the plaintiff can 'state a reasonable or colorable claim for relief under the applicable substantive law against the party whose presence in the action would destroy the district court's subject matter jurisdiction.'" Weeping Hollow Ave. Tr. v. Spencer, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting 13F C. Wright & A. Miller et al., Fed. Prac. & Proc. Juris. § 3641.1 (3d ed.)). However, "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." Grancare, 889 F.3d at 549. "[A] federal court must find that a defendant was properly joined and remand the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**          **JS-6**

| Case No. | 2:26-cv-00561-CAS-AGRx | Date | April 27, 2026 |
|----------|------------------------|------|----------------|
| Title | Natascha J. Cross v. Princess Cruise Lines, Ltd. et al | | |

case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" Id. (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009) (emphasis in original)).

Defendants invoking the doctrine of fraudulent joinder "face both the strong presumption against removal jurisdiction and the 'general presumption against fraudulent joinder.'" Hunter, 582 F.3d at 1046 (quoting Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007)).

"The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." McCabe, 811 F.2d at 1339 (citing Smith v. Southern Pacific Co., 187 F.2d 397 (9th Cir.1951)). In determining whether a party has been fraudulently joined, "courts may properly consider the allegations of the complaint and facts presented by defendant in its notice of removal," and "may also consider *affidavits or other evidence* (presented by either party) on the issue of whether a particular defendant's joinder is 'sham' or 'fraudulent.'" Judge Karen L. Stevenson & James E. Fitzgerald, Federal Civil Procedure Before Trial, § 2:2452 (The Rutter Group 2019) (emphasis in original) (citing Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998); Grancare, 889 F.3 at 549; W. Am. Corp. v. Vaughan-Bassett Furniture Co., 765 F.2d 932, 936 n.6 (9th Cir. 1985)).

### B.    Rule 12(c) Motion

A motion for judgment on the pleadings may be brought "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). A motion for judgment on the pleadings "provides a vehicle for summary adjudication on the merits, after the pleadings are closed but before trial, which may save the parties needless and often considerable time and expense which otherwise would be incurred during discovery and trial." Judge Virginia A. Phillips & Judge Karen L. Stevenson, Federal Civil Procedure Before Trial, § 9:316 (The Rutter Group 2019).

Although Rule 12(c) contains no mention of leave to amend, "courts generally have discretion in granting 12(c) motions with leave to amend, particularly in cases where the motion is based on a pleading technicality." In re Dynamic Random Access Memory Antitrust Litig., 516 F. Supp. 2d 1072, 1084 (N.D. Cal. 2007). There is a strong

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**          **JS-6**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00561-CAS-AGRx | Date | April 27, 2026 |
| Title | Natascha J. Cross v. Princess Cruise Lines, Ltd. et al | | |

policy in favor of allowing amendment, unless amendment would be futile, results from bad faith or undue delay, or will unfairly prejudice the opposing party. Id. (internal citation omitted).

## IV.   DISCUSSION

### A.   Motion for Remand

The removing defendants removed the action on the grounds that there is complete diversity if the Court disregards the citizenship of defendants Kent and Pietrzak. Dkt. 1 at 5-6. According to the removing defendants, Kent and Pietrzak are fraudulently-joined, sham defendants because the allegations asserted against them in the complaint do not support a single claim purportedly alleged. Id.

Plaintiff argues that the Court should remand this case to Los Angeles County Superior Court because there is a lack of complete diversity between plaintiff, a California citizen, and all defendants. Mot. at 10.

#### 1.   Procedural Challenge

First, plaintiff raises a procedural challenge to removal. Mot. at 13-14. Plaintiff argues that defendants Cunard and Holland did not provide consent to the removing defendants for removal. Id. Plaintiff disputes the removing defendants' assertions that Cunard and Holland "do not exist" and are "not legal entities." Id. (see Morales Decl. ¶¶ 4, 5).

In opposition, the removing defendants argue that plaintiff's procedural argument fails because plaintiff waived a procedural challenge to removal under 28 U.S.C. § 1447(c) when she failed to timely challenge the notice of removal within thirty days from the date of filing. Opp. at 7. The removing defendants argue that plaintiff's procedural challenge to removal also fails because plaintiff has not yet effectuated service of the complaint on Cunard or Holland, rendering their consent to removal unnecessary. Id.

The Court agrees with the removing defendants that plaintiff's procedural challenge to removal fails because Cunard and Holland had not been served at the time of removal and thus were not required to join in the petition for removal, see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n. 1 (9th Cir.1988), and also because plaintiff's motion for remand was not timely made within thirty days of the notice of removal, see 28 U.S.C. § 1447(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**      **JS-6**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00561-CAS-AGRx | Date | April 27, 2026 |
| Title | Natascha J. Cross v. Princess Cruise Lines, Ltd. et al | | |

### 2.    Citizenship of Entity Defendants

Second, plaintiff argues that this action lacks complete diversity of citizenship because defendants Cunard, Holland, and Princess are citizens of the State of California based on the locations of their headquarters and their purported concessions to be subject to service of process and liability in California. Mot. at 13. Plaintiff disputes the removing defendants' assertions as to the legal non-existence of Cunard and Holland and as to Princess being a citizen of Bermuda and Florida rather than California. Id. at 17-20.

In opposition, the removing defendants argue that plaintiff relies on unreliable evidentiary support, including Wikipedia, old photographs of an office building, and various webpages that make reference to Princess's operations, for her assertion that Princess is a citizen of California. Opp. at 7-8. The removing defendants maintain that Princess is a citizen of Bermuda and Florida and that its principal place of business is in Fort Lauderdale, Florida. Id. at 8 (citing declarations). The removing defendants also maintain that Cunard and Holland are no longer legally existing entities. Id.

In reply, plaintiff argues that her evidence regarding the citizenship of Princess, Cunard, and Holland "sufficiently demonstrates the existence of doubt as to whether defendants have the right of removal in this case." Reply at 6.

The Court need not resolve the factual disputes between plaintiff and the removing defendants as to the citizenship and/or legal existence of defendants Princess, Cunard, and Holland because complete diversity of citizenship in this action is destroyed by the joinder of individual defendants Kent and Pietrzak, whose alleged California citizenship is not disputed by the removing defendants. For the reasons discussed below, the Court finds that individual defendants Kent and Pietrzak are properly joined.

### 3.    Joinder of Individual Defendants Kent and Pietrzak

The complaint alleges that individual defendants Kent and Pietrzak are residents of California. See Compl. ¶¶ 7, 8. The removing defendants do not contend that Kent and Pietrzak are not California citizens for the purpose of removal. See generally, dkt. 1. Instead, the removing defendants argue that plaintiff fraudulently joined Kent and Pietrzak, and thus their citizenship must be disregarded for the purpose of removal. Dkt. 1 at 5-6.

The removing defendants argue that the plaintiff's allegations against Kent and Pietrzak do not support a single claim purportedly alleged. Id. at 6. The removing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'          JS-6

| Case No. | 2:26-cv-00561-CAS-AGRx | Date | April 27, 2026 |
|---|---|---|---|
| Title | Natascha J. Cross v. Princess Cruise Lines, Ltd. et al | | |

defendants argue that the factual allegations in the complaint pertaining to Kent and Pietrzak are wholly inadequate under applicable law to state a claim for any cause of action alleged against them, and there is no possibility that plaintiff can recover against Kent or Pietrzak on any of her claims. Id.

Plaintiff asserts ten claims against Kent and Pietrzak. See generally, Compl. The removing defendants argue that the individual defendants cannot be held personally liable for plaintiff's first, second, third, fifth, sixth, and seventh claims for relief because, under California law, those claims may only be brought against an employer, not against individuals. Dkt. 1 at 6-7. The removing defendants argue that plaintiff's fourth claim for relief, for harassment against Kent and Pietrzak, fails because all relevant allegations consist of personnel management actions. Id. at 9. The removing defendants argue that plaintiff's eighth claim for relief, for intentional infliction of emotional distress ("IIED") against Kent and Pietrzak, is insufficiently pled because plaintiff has not pled any outrageous conduct by Kent or Pietrzak. Id. at 14-15. The removing defendants argue that plaintiff's ninth claim for relief, for defamation against Kent and Pietrzak, is insufficiently pled because plaintiff's allegations are vague, conclusory, and lacking in specificity and many of the alleged defamatory statements are protected by the common-interest privilege and/or are not actionable. Id. at 17-18. The removing defendants argue that plaintiff's tenth claim for relief, for breach of implied covenant of good faith and fair dealing, is improperly pled against Kent and Pietrzak because plaintiff fails to allege the existence of a contract with Kent and Pietrzak and because her employment was at all times terminable "at-will." Id. at 22-23.

Plaintiff argues that defendants Kent and Pietrzak are lawfully joined. Mot. at 20. Plaintiff argues that removal and remand are exclusively matters of jurisdiction, not sufficiency of pleadings. Id. at 20-21. Plaintiff argues that removal based on affirmative defenses or challenges to the merits of her claims is not appropriate. Id. at 21. Plaintiff argues that defendants have not shown that plaintiff cannot possibly recover on her claims against Kent and Pietrzak. Id. at 22. Plaintiff argues that even if Kent and Pietrzak cannot be liable for certain statutory claims, plaintiff sufficiently alleges claims against Kent and Pietrzak for harassment (fourth claim), IIED (eighth claim), defamation (ninth claim), and breach of the covenant of good faith and fair dealing (tenth claim). Id.

In opposition, the removing defendants maintain that each of the claims against Kent and Pietrzak are either improperly pled or do not state a claim upon which relief can be granted. Opp. at 8. The removing defendants restate the arguments made in their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**      **JS-6**

| Case No. | 2:26-cv-00561-CAS-AGRx | Date | April 27, 2026 |
|---|---|---|---|
| Title | Natascha J. Cross v. Princess Cruise Lines, Ltd. et al | | |

notice of removal and motion for judgment on the pleadings as to why plaintiff's claims against Kent and Pietrzak are insufficiently pled. Id.

In light of "both the strong presumption against removal jurisdiction and the general presumption against fraudulent joinder," the Court finds that the removing defendants fail to meet their burden to establish that Kent and Pietrzak are fraudulently joined defendants. Hunter, 582 F.3d at 1046 (citation modified). While the removing defendants sufficiently demonstrate that some of plaintiff's statutory claims are inapplicable as to individual defendants, the removing defendants merely attack the sufficiency of plaintiff's factual allegations supporting other claims. The removing defendants' arguments as to the sufficiency of plaintiff's pleadings do not demonstrate an "obvious" failure "to state a cause of action against a resident defendant," that could not be cured by amendment. McCabe, 811 F.2d at 1339; see also Grancare, 889 F.3d at 550 ("[T]he district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.").

Importantly, "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) [or Rule 12(c)] are not equivalent." Grancare, 889 F.3d at 549. The Court finds that plaintiff can possibly recover under California law on her claims against Kent and Pietrzak, such as for defamation. Under California law, "[t]he elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." Wong v. Jing, 189 Cal. App. 4th 1354, 1369 (2010). Here, plaintiff alleges that Kent and Pietrzak made false and defamatory statements to a third party, The Hartford, that plaintiff had committed fraud and deceit in her application for a leave of absence. Compl. ¶ 102. Plaintiff further alleges that Kent and Pietrzak made false and defamatory statements to other third parties accusing plaintiff of being openly homophobic and of engaging in malicious gossip about others and their sexual orientation. Id. Plaintiff alleges that these allegedly defamatory statements have caused plaintiff to suffer humiliation, embarrassment, and damage to her personal and professional reputation. Id. ¶ 103. The removing defendants' argument that Kent and Pietrzak's communications with The Hartford are protected by the common-interest privilege is merely a defense to liability. Opp. at 19. A motion for remand does not call for "an inquiry as to whether [non-diverse] defendants could propound defenses to an otherwise valid cause of action." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). Additionally, the removing defendants do not explain how plaintiff's defamation allegations unrelated to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**          **JS-6**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00561-CAS-AGRx | Date | April 27, 2026 |
| Title | Natascha J. Cross v. Princess Cruise Lines, Ltd. et al | | |

communications with The Hartford are obviously deficient and cannot be cured by amendment. See generally, Opp. at 18-19; dkt. 23 at 25-29.[2]

The Court finds that the removing defendants' arguments are insufficient to establish that plaintiff cannot recover against Kent and Pietrzak on any claim, or possible amended claim, asserted in the complaint. For example, if plaintiff has failed to state a claim for defamation against Kent and Pietrzak, it is not obvious and it may be cured by amendment. Therefore, Kent and Pietrzak are properly joined. Accordingly, this action lacks complete diversity of citizenship, and the Court must remand it to Los Angeles County Superior Court.

### B.    Request for Attorneys' Fees and Costs

Plaintiff's motion for remand includes a request for an award of attorneys' fees and costs incurred as a result of the removal. Mot. at 31. Plaintiff argues that the Court should exercise its discretion to award plaintiff attorneys' fees in the amount of $5,250.00 and filing fees of $49.00. Id.; see Dkt. 29-1 ("Fountain Decl.") at ¶¶ 5-7 (plaintiff's counsel attests to a regular fee of $500.00 per hour, expenditure of 10.5 hours in researching and preparing plaintiff's motion for remand, and an additional expected 4 hours to research and prepare plaintiff's reply).

In opposition, the removing defendants argue that plaintiff's request for attorneys' fees and costs incurred in responding to removal should be denied. Opp. at 19. The

---

[2] At oral argument, the removing defendants argued that plaintiff's allegations fail to state a claim against Kent and Pietrzak for defamation because the alleged defamatory statements are vague and/or inactionable opinion statements. The Court finds that the removing defendants rely on an incorrect legal theory that plaintiff's purported failure to state claims against Kent and Pietrzak on the basis of insufficiently pled allegations or possible defenses to liability meets the high bar for a finding of fraudulent joinder. However, "GranCare clearly resolved any prior ambiguity in the case law by expressly rejecting the Rule 12(b)(6) test, adopting the 'possibility' test, and holding that a 'district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.'" Kisini v. Valassis Commc'ns, Inc., No. 2:18-CV-10537-SVW-E, 2019 WL 1254568, at *3 (C.D. Cal. Mar. 18, 2019) (quoting Grancare, 889 F.3d at 550).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**     **JS-6**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00561-CAS-AGRx | Date | April 27, 2026 |
| Title | Natascha J. Cross v. Princess Cruise Lines, Ltd. et al | | |

removing defendants argue that plaintiff's claimed fees and costs are exorbitant and unwarranted given defendants' "legitimate bases" for removal. Id. at 19-20.

In reply, plaintiff argues that defendants' improper removal has significantly delayed the progress of plaintiff's action. Reply at 6. Plaintiff argues that fees should be awarded pursuant to 28 U.S.C. § 1447(c) where, as here, no objectively reasonable basis for removal exists. Id. at 7.

A court that remands an improperly removed case to state court may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Gardner v. UICI, 508 F.3d 559, 561 (9th Cir. 2007) (quoting 28 U.S.C. § 1447(c)). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. (citing Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)).

Here, the Court has found that the removing defendants' basis for removal lacks merit. "But removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008).

In this case, it cannot be said that the decision to remove was objectively unreasonable. While it is true that plaintiff alleges colorable claims against Kent and Pietrzak, e.g., for defamation, the removing defendants present persuasive arguments that the entity defendants are not California citizens and that plaintiff cannot possibly recover on several of her claims against Kent and Pietrzak.

Accordingly, on this record, the Court exercises its discretion to decline to award attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).

**C.     Motion for Judgment on the Pleadings**

Given that this action is remanded to state court, the Court denies defendants' motion for judgment on the pleadings as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       **'O'**       **JS-6**

| Case No. | 2:26-cv-00561-CAS-AGRx | Date | April 27, 2026 |
|----------|------------------------|------|----------------|
| Title | Natascha J. Cross v. Princess Cruise Lines, Ltd. et al | | |

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for remand.  This action is hereby remanded to Los Angeles County Superior Court.  The Court **DENIES** defendants' motion for judgment on the pleadings as moot.

IT IS SO ORDERED.

|  | 00 | : | 12 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |